AO 91 (Rev. 11/11) Criminal Complaint

**SEALED**
**BY ORDER OF THE COURT**

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Jun 28, 2021**
Michelle Rynne, Clerk of Court

United States of America
v.
Martzes Junior, aka "Green,"

Defendant(s)

Case No. Mag. No. 21-00786 RT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __(see below)__ in the county of __Honolulu__ in the _____ District of __Hawaii__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841(a)(1) | Distribution of Controlled Substances: |
| 21 USC § 841(b)(1)(A) | 1. 7/2/2020 50g or more of actual methamphetamine; and |
| 21 USC § 841(b)(1)(B) | 2. 5/20/2021 50g or more of a substance containing methamphetamine. |
| 18 USC § 2 | |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature
Grant Jhun, Task Force Officer, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: June 28, 2021

City and state: Honolulu, HI

_____
Rom A. Trader
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Grant H. Jhun, after being duly sworn, deposes and states as follows:

1. I submit this Affidavit in support of the foregoing Criminal Complaint charging Martzes Junior ("JUNIOR"), aka "Green," with distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

2. The facts in this Affidavit come from my personal observations, my training, my experience, and information obtained from other law enforcement officers and agents and from other witnesses. This Affidavit is intended to show only that probable cause exists for the charge(s) in the Criminal Complaint and does not set forth all of my knowledge or all of the information known to the government about this matter.

## AFFIANT TRAINING, EXPERIENCE AND KNOWLEDGE

3. Your affiant has been employed with the Honolulu Police Department ("HPD") since April 24, 1997. Your affiant is currently a Metropolitan Police Sergeant assigned to the Narcotics and Vice Division since July 2019. Your affiant is also a full-time deputized Task Force Officer with the Drug Enforcement Administration ("DEA"). My duties include, but are not limited to, investigating drug trafficking and organized crime groups. I am an investigative law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and empowered by law to conduct investigations of

and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. Through my training and experience, I have become familiar with the manner in which criminal offenders operate, and the efforts of those involved in such activities.

4. In my capacity as a Task Force Officer, I have become versed in the methodology utilized in criminal enterprises, such as narcotics trafficking operations, and I have become knowledgeable about the enforcement of state and federal laws pertaining to violations listed under 21 U.S.C. §§ 841 and 846. I am experienced in evidence collection, physical surveillance, interviews, and the use of search warrants, wiretaps, and informants. As a Task Force Officer, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute search warrants issued under the authority of the United States. I have participated in multiple investigations utilizing wiretaps of wire and electronic communications.

## PROBABLE CAUSE

5. In February 2020, HPD and DEA received information identifying SUBJECT 1 as the leader of a Honolulu, Hawaii based drug trafficking organization ("DTO") engaged in the distribution of controlled substances, including opioids such as oxycodone tablets and counterfeit tablets containing

fentanyl and/or oxycodone; methamphetamine; and fentanyl-laced heroin (often referred to as "Afghan White").

6. On April 24, 2020, HPD conducted a controlled "Buy/Walk" operation utilizing a Confidential Source ("CS") to introduce an FBI certified undercover employee ("UCE") to SUBJECT 1. SUBJECT 1 met with UCE and the CS in Honolulu, Hawaii, and sold UCE a substance subsequently tested and confirmed by the DEA Southwest Laboratory to contain at least 102 grams of actual methamphetamine, a Schedule II controlled substance. During the transaction, SUBJECT 1 provided UCE with his phone number ("Target Cell Phone 1"). After the transaction, UCE identified a known government photograph of SUBJECT 1 as depicting the individual who distributed the methamphetamine to UCE and who is known to UCE and CS as SUBJECT 1 and by an alias.

7. On June 14, 2020, UCE exchanged text messages with SUBJECT 1 at a second phone number ("Target Cell Phone 2"). During the exchange of texts, SUBJECT 1 provided UCE with names and telephone numbers for two other members of the DTO who could supply UCE with narcotics. SUBJECT 1 referred UCE to "Green" at SUBJECT 1's prior phone number, Target Cell Phone 1, as a source of methamphetamine, and to SUBJECT 3 at a third phone number ("Target Cell Phone 3") as a source of pills.

8.      On July 2, 2020, UCE exchanged phone calls with "Green" at Target Cell Phone 1 to negotiate a narcotics transaction. On the same date, UCE met "Green" in Honolulu, Hawaii. During the meeting, "Green" sold UCE approximately three ounces of a substance consistent in appearance with methamphetamine for $5,000. The substance purchased from Green has been tested by the DEA Southwest Laboratory and determined to contain methamphetamine, a Schedule II controlled substance. The lab determined that the substance weighed at least 90.3 grams and contained at least 83.98 grams of actual methamphetamine.

9.      During surveillance of "Green" on a subsequent date, an HPD officer initiated a traffic stop of the vehicle driven by "Green," and identified "Green" as Martzes Junior ("JUNIOR") based on his Michigan driver's license. Subsequently, UCE identified a known government photograph of JUNIOR as depicting the individual calling himself "Green" who sold UCE the methamphetamine on July 2, 2020.

10.     On May 20, 2021, UCE met again with JUNIOR in Honolulu, Hawaii. During the meeting, JUNIOR sold UCE approximately one pound of a substance consistent in appearance with methamphetamine for $5,500. The substance purchased from JUNIOR subsequently field tested positive for the presence of methamphetamine, a Schedule II controlled substance, and was sent to the DEA

Southwest Laboratory for forensic examination.

11.     Based on the foregoing, I believe probable cause exists to charge JUNIOR with distribution of controlled substances, in violation Title 21, United States Code, Section 841(a)(1), as charged in the foregoing Criminal Complaint.

Respectfully submitted,

Grant H. Jhun
Task Force Officer
Drug Enforcement Administration

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime(s) found to exist by the undersigned Judicial Officer at __12:08_ p .m. on June _28_, 2021.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Federal Rule of Criminal Procedure 4.1(b)(2), on this _28th_ day of June 2021, at Honolulu, Hawaii.



Rom A. Trader
United States Magistrate Judge

5